IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                    No. 09 CR 0913 MV

SALVADOR BAQUERA,

        Defendant.

### ORDER GRANTING IN PART DEFENDANT'S MOTION IN LIMINE

**THIS MATTER** came before the Court on Defendant's Motion in Limine [Doc 32] and the government's Notice of Other Crimes or Bad Acts Pursuant to Rule 404(b) [Doc. 41]. After considering the motion and relevant law, the Court finds the motion should be **GRANTED IN PART**.

The government seeks to introduce, *inter alia*, evidence that Defendant violated Customs and Border Patrol (CBP) policy when he issued an I-94 document to Rosa Elena Rodriguez DeMunoz. The government seeks to admit this evidence in the following forms: 1) testimony from a fellow CBP officer that Ms. Rodriguez DeMunoz went through her lane and she believed that Ms. Rodriguez DeMunoz's I-94 form bore Defendant's badge number; 2) testimony from various CBP employees and supervisors regarding the fact that issuing an I-94 to a close associate amounts to a violation of an unwritten CBP policy; and 3) testimony from CBP officials who have conducted trainings on "integrity issues." Without deciding whether or not the above proffered evidence would be proper under Federal Rule of Evidence 404(b), the Court **FINDS** that such evidence is inadmissible under Federal Rule of Evidence 403.

Under the Federal Rules of Evidence, relevant evidence is defined as "evidence having

any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Here, the government seeks to admit evidence of Defendant's violation of CBP policy, which the government concedes does not constitute a criminal offense. Rather, Defendant is charged with "corruptly and by threat of force influenc[ing], obstruct[ing], imped[ing] and endeavor[ing] to influence, obstruct and impede the due and proper administration of the law under which a pending proceeding was being had before a department or agency of the United States." Redacted Indictment [Doc 10]. In a telephone conference this morning, the government expressly stated that the actual federal proceeding to which this Count refers is the interview of Ms. Rodriguez which took place on February 27, 2009. The government further stated that it was not focusing on Defendant's guilt with respect to the issuance of the I-94, and further stated that evidence that he knew he was in violation of CBP policy was tangential to proving the elements of both Counts.

Therefore, evidence that Defendant's issuance of the I-94 was a violation of CBP policy merely relates to an issue the government itself has described as tangential. Accordingly, its probative value is minor. However, this evidence has great potential to confuse the jury as to the

issues, because the jury is likely to view it as evidence of guilt.[1]  Moreover, this evidence presents significant danger of unfair prejudice, as the jury could react emotionally to the idea of a law enforcement officer skirting internal policy, and in turn punish Defendant for this violation, even though it does not constitute a criminal offense.

**IT IS THEREFORE ORDERED** that all evidence that Defendant's issuance of the I-94 was a violation of CBP policy shall not be presented at trial.  The government will be permitted to admit the I-94 form itself.

DATED: December 4, 2009.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

---

[1] In fact, the government consistently referred to this evidence as "evidence of guilt" in its 404(b) Notice as well as in the telephone conference this morning.  This further supports the Court's conclusion that it would be logical for the jury to view evidence of violation of CBP policy as evidence of guilt.